United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELIZABETH ZUT,

        Plaintiff,

v.

HARRAH'S ENTERTAINMENT, INC., et al.,

        Defendants.

NO. C13-2372 TEH

ORDER EXTENDING BRIEFING AND HEARING SCHEDULE AND CONTINUING CASE MANAGEMENT CONFERENCE

    Defendants filed a motion to dismiss or transfer venue on May 31, 2013. Pursuant to Civil Local Rule 7-3, Plaintiff's opposition or statement of non-opposition was due on June 14, 2013. No opposition or statement of non-opposition was filed.

    The Court's courtroom deputy telephoned Plaintiff's counsel on July 8, 2013, to inquire about the missing filing, and Plaintiff's counsel subsequently filed a motion to extend time to file the opposition. Counsel states that his law firm changed email addresses when it upgraded its computer systems approximately two months ago, and that he did not realize that the discontinued email address was the address of record in this Court's electronic case filing system. Brady Decl. ¶ 6. Counsel further states that he has "remed[ied] that problem." *Id.* ¶ 7. Although Defendants' counsel refused to sign a stipulated request to extend the briefing and hearing schedule, she stated that she would not oppose Plaintiff's request to extend the deadline for filing an opposition. *Id.* ¶¶ 7-8.

    The Court GRANTS Plaintiff's unopposed request. Plaintiff shall file an opposition to the motion to dismiss or transfer venue on or before **August 5, 2013**. Defendant shall file a reply on or before **August 19, 2013**. The motion hearing is continued from July 22, 2013, to **September 23, 2013, at 10:00 AM**.

IT IS FURTHER ORDERED that the case management conference is continued from August 26, 2013, to **October 28, 2013, at 1:30 PM**. All related deadlines are continued accordingly.

Finally, the Court considered issuing an order to show cause as to why Plaintiff's counsel should not be sanctioned. While it credits counsel's declaration concerning the discontinued email address, counsel – who states that he is "familiar with the Northern District's notification through PACER," *id.* ¶ 4 – inexplicably failed to check the docket for information on this case after receiving a hard copy of Defendants' notice of removal on or about May 28, 2013, *id.* ¶ 3. Acting diligently, reasonable counsel who "expected to receive notification of the case's assignment and new case number," *id.* ¶ 4, would not have done nothing for six weeks and assumed that no activity was occurring. The Court opts not to impose sanctions at this time, but counsel is put on notice that he is expected to follow all Local Rules and standing orders of this Court, subject to sanctions for future violations.

**IT IS SO ORDERED.**

Dated: 07/11/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2