United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELIZABETH ZUT,

Plaintiff,

v.

HARRAH'S ENTERTAINMENT, INC., et al.,

Defendants.

NO. C13-2372 TEH

ORDER GRANTING MOTION TO TRANSFER VENUE

This matter came before the Court on September 23, 2013, on Defendants' motions to dismiss for lack of personal jurisdiction, improper venue, and, in the alternative, to transfer venue. After carefully considering the parties' written and oral arguments, the Court now GRANTS Defendants' motion to transfer venue to the District of Nevada for the reasons set forth below. Accordingly, the Court does not reach the alternative grounds for dismissal advocated by Defendants.

**BACKGROUND**

Plaintiff Elizabeth Zut is an 81-year-old California resident who lives in San Francisco, California. Declaration of Elizabeth Zut ¶ 1 (Docket No. 14). On or about January 25, 2012, Plaintiff was a hotel guest at a property known as Harrah's Reno casino and hotel ("Harrah's Reno"). Compl. ¶ 6, Notice of Removal, Ex. 1 (Docket No. 1). Harrah's Reno is located in Reno, Nevada, which lies in the District of Nevada. Plaintiff alleges that as she was coming out of the elevator on that date, "she tripped and fell on a raised floor mat lying in the immediate vicinity of the exit point of the elevator." *Id.* She sued Defendants Caesars Entertainment Corporation (erroneously sued as Harrah's Entertainment, Inc.) and Caesars Entertainment Operating Company, Inc. ("Defendants")

alleging negligence and premises liability for which she seeks damages for personal injuries, medical and hospital expenses, lost earnings and general damages. Compl. ¶¶ 7-14; 15-18; Prayer for Relief ¶¶ 1-6.

Plaintiff filed her suit in San Francisco Superior Court on April 18, 2013. Defendants removed the case to this Court on May 24, 2013. (Docket No. 1). On May 31, 2013, Defendants specially appeared to move for dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, Rule 12(b)(3) for improper venue, and in the alternative, to transfer venue to the District of Nevada.

**LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Transfer of venue will be granted if the moving party establishes that: (1) the action could have been brought in the district to which it proposes the case be transferred, and (2) that district is a "more appropriate forum for the action." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000). The determination of whether the proposed transferee district is a more appropriate forum is based on the court's careful consideration of the facts and circumstances of the particular case. *Id.* at 498. In doing so, the Court "may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Id.* at 498-99. "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th

United States District Court
For the Northern District of California

Cir. 1986)

**DISCUSSION**

The Court finds that because the events giving rise to Plaintiff's claim, her alleged fall at Harrah's Reno, occurred in Reno, Nevada, and the parties would have complete diversity in that judicial district, venue would be proper in the District of Nevada, Northern Division at Reno. 28 U.S.C. § 1391(b)(2); 28 U.S.C. § 1332. At issue is whether Defendants have established that the District of Nevada is a more appropriate forum for the action than is the Northern District of California ("Northern District"), taking into account the convenience of the parties and witnesses, and the interests of justice.

**A. Convenience of the Parties**

While a plaintiff's choice in forum is accorded great weight, "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice [of forum] is entitled to only minimal consideration." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *see also Jones*, 211 F.3d at 498 (discussing plaintiff's choice of forum). The locus of activity similarly informs the convenience analysis. *Cf. Jones*, 211 F.3d at 498 (analyzing location where relevant agreements were negotiated and executed). Here, the operative facts occurred in the District of Nevada because Plaintiff's alleged injury occurred at Harrah's Reno. As this case sounds in tort, the alleged injury and any alleged breach of duty occurred in that judicial district. Therefore, Plaintiff's choice of forum in the Northern District is entitled to only minimal consideration.

While Plaintiff is a resident of the Northern District, Defendants have minimal contacts here but have substantial contacts with the District of Nevada. Defendants have put forth affidavits indicating that neither of the Defendants conducts business in California, has employees in California, has offices in California, or owns property in California. Declaration of Duane Holloway at ¶¶ 4-5, Defs.' Req. for Judicial Notice, Ex. 5 (Docket No. 6-2). Defendants are Delaware corporations with their principal places of business in Las

Vegas, Nevada. Declaration of Maria C. Roberts ("Roberts Decl.") ¶¶ 3-4 & Exs. 3-4 (Docket No. 6-1). Moreover, Plaintiff traveled to the District of Nevada when she visited Harrah's Reno at the time of the incident. The respective parties' contacts with the District of Nevada thus weigh in favor of transfer. *Jones*, 211 F.3d at 498.

Plaintiff alleges Defendants nonetheless have contacts related to the Northern District, but none of these contacts specifically relate to Plaintiff's cause of action based on her fall at Harrah's Reno. Plaintiff argues that Defendants operate a "Total Rewards" membership program that solicits customers from across the country, including from California; that Harrah's Reno specifically draws customers from the San Francisco Bay Area; and that Harrah's Reno operates buses to take customers from the San Francisco area to Reno. Opp'n at 2-5 (citing Decl. of Alison Yew ¶¶ 3-7 (Docket No. 15)). Defendants have challenged the admissibility of much of this evidence. Defs.' Objections to Decl. of Alison Yew (Docket No. 16-2). Even if Plaintiff's assertions about Defendants' operations in California were supported by admissible evidence, without ruling on Defendants' evidentiary objections, these arguable contacts with the Northern District pale in comparison to the parties' respective contacts to the District of Nevada, the locus of the alleged injury. *Jones*, 211 F.3d at 498-99 (analyzing the contacts relating to the plaintiff's cause of action in the chosen forum). The Court finds that neither party has made a sufficient showing regarding differences in the costs of litigation as between the two forums. *Id.* at 499. While the Northern District of California would be a more convenient forum for Plaintiff to litigate her claim, the totality of factors for convenience to the parties weighs in favor of transfer to the District of Nevada.

**B. Convenience to the Witnesses**

"The convenience of witnesses is often the most important factor in deciding whether to transfer an action." *Getz v. Boeing Co.*, 547 F. Supp. 2d 1080, 1083 (N.D. Cal. 2008). Defendants argue that the sources of proof and the majority of relevant witnesses reside in the District of Nevada. Plaintiff states that her medical professionals in San Francisco who

have provided treatment for her since the incident will provide testimony regarding her health and recovery; during oral argument, Plaintiff's counsel represented that it would be financially difficult for these witnesses to travel to Nevada to testify. Plaintiff also argues that Defendants cannot make a showing that the District of Nevada would be a more convenient forum for witnesses because they have not demonstrated "through affidavits or declarations containing admissible evidence" who the key witnesses are and what their testimony will likely include. Opp'n at 12 (citing *Cochran v. NYP Holdings, Inc.*, 58 F. Supp. 2d 1113, 1119 (C.D. Cal. 1998)). *Cochran*, however, is not binding on this Court, the Ninth Circuit opinion affirming *Cochran* did not affirm the court's reasoning on venue and personal jurisdiction, and the Ninth Circuit case cited by *Cochran* does not explicitly require affidavits or declarations for this showing. *See Cochran v. NYP Holdings, Inc.*, 210 F.3d 1036, 1038 n. 2 (9th Cir. 2000) (adopting district court opinion with the exception of the court's analysis on jurisdiction and venue as that issue was not raised on appeal); *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) (expressing no explicit requirement that parties must identify key witnesses and anticipated testimony exclusively by affidavit or declaration).

During oral argument, Defendants' counsel represented that Defendants have not yet had an opportunity to conduct discovery and therefore ascertain the identities of all possible witnesses. Defendants, nonetheless, submitted with the Declaration of Maria Roberts a true and correct copy of a January 25, 2012 Harrah's Reno Security Incident Report ("SIR"), which Roberts avers was provided by her client and maintained as a business record. Roberts Decl. ¶ 6, Ex. 8 (Docket No. 6-1). Specifically, the SIR lists six Harrah's Reno personnel by name and identifies the ambulance provider that responded on the scene and indicates that Plaintiff was transported to St. Mary's Hospital. Defendants' counsel represented during oral argument that these individuals are potential witnesses. The Court concludes that these are not merely vague generalizations, but rather that Defendants have shown there is a sufficient evidentiary basis for concluding that the District of Nevada would be a more convenient forum for these Reno-based witnesses than is the Northern District.

United States District Court
For the Northern District of California

While Plaintiff correctly notes that the Court may discount arguments regarding the inconvenience to witnesses when those witnesses are employees of a party which has the power to compel them to testify, *Gets*, 547 F. Supp. 2d at 1084 (citing *STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1556 (N.D. Cal. 1988)), any parties outside of Defendants' control in the Reno, Nevada area would still be outside of this Court's compulsory process. "With rare exception, the Court's subpoena power only extends outside of this district if the place of service is 'within 100 miles of the place specified for the deposition, hearing, trial, production or inspection.'" *San Francisco Tech., Inc. v. The Glad Products Co.*, No. 10-CV-00966, 2010 WL 2943537, at *10 (N.D. Cal. July 26, 2010) (citing Fed. R. Civ. P. 45(b)(2)). The unavailability of compulsory process in the Northern District to compel attendance of unwilling non-party witnesses from the District of Nevada counsels in favor of transferring venue. *Jones*, 211 F.3d at 499. Moreover, because Reno, Nevada is the locus of the injury, it follows that the District of Nevada provides easier access to sources of proof than would the Northern District. *Id.* Because the Court finds that venue in the District of Nevada would be more convenient to the likely witnesses at trial, this factor weighs in favor of transfer.

**C. Interests of Justice**

In determining whether the interests of justice favor transfer, courts look primarily at considerations of judicial economy, including, which court will be most familiar with governing law, *Jones*, 211 F.3d at 498, "the administrative difficulties flowing from court congestion[, and] the local interest in having localized controversies decided at home." *Decker*, 805 F.2d at 843(citation and quotation marks omitted).

The alleged breach of duty, negligence, causation, and basis for damages are all tied to Nevada. While this Court could apply Nevada law while sitting in diversity, the District of Nevada will undoubtedly be more familiar with applying Nevada's state codes, any applicable local ordinances, and the substantive negligence and premises-liability law of Nevada that will likely be at issue in this case. In terms of court congestion, at least as of 2010, the Northern District had 5,554 cases with a median time interval to trial of 25.6

United States District Court
For the Northern District of California

months whereas the District of Nevada had 2,065 cases with a median time interval to trial of 26.9 months.[1] While the Northern District has more cases than the District of Nevada, the latter's time to trial is slightly longer. This factor is neutral. Lastly, the District of Nevada has an interest in having localized controversies, such as the premises liability of local business establishments and the safety of their patrons, decided at home. Accordingly, the interests of justice weigh in favor of transfer.

**CONCLUSION**

Because the convenience of the parties and witnesses and the interests of justice favor transferring this action to the District of Nevada, Defendants' motion to transfer venue is GRANTED.

**IT IS SO ORDERED.**

Dated: 09/30/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

[1] Administrative Office of the United States Courts, 2010 Annual Report of the Director: Judicial Business of the United States Courts, Table C-5, *available at* http://www.uscourts.gov/uscourts/Statistics/JudicialBusiness/2010/appendices/C05Sep10.pdf